**Akhil Kumar MISHRA, Appellant**

v.

**Barry W. FOX, Government Witness.**

No. 06–1211.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 27.4 and I.O.P. 10.6 June 2, 2006.

Filed: Aug. 29, 2006.

Akhil Kumar Mishra, Glenshaw, PA, pro se.

Rebecca R. Haywood, Office of United States Attorney, Pittsburgh, PA, for Barry W. Fox.

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Appellant, Akhil Mishra, appeals the District Court's order granting Appellee Fox's motion to dismiss his complaint, liberally construed as an action filed in accordance with *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), pursuant to Fed.R.Civ.P. 12(b)(6).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's order dismissing a complaint under Rule 12(b)(6). We will affirm a dismissal for failure to state a claim if we can "say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *McDowell v. Delaware State Police,* 88 F.3d 188, 189 (3d Cir.1996)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). For essentially the reasons set forth by the District Court, we will affirm.

In his complaint, Mishra alleged that Fox testified falsely at appellant's criminal trial and that, as a result of Fox's testimony, Mishra was convicted on June 30, 2000, of offering drug paraphernalia for sale. The District Court properly concluded that Mishra's complaint failed to state a claim insofar as Appellee Fox is entitled to absolute immunity from suit in connection with his testimony at Mishra's criminal trial, *see Briscoe v. LaHue,* 460 U.S. 325, 345–46, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), and, moreover, that Mishra's claims are barred by the applicable limitations period. *See Napier v. Thirty or More Unidentified Federal Agents,* 855 F.2d 1080, 1087 (3d Cir.1988); *Kost v. Kozakiewicz,* 1 F.3d 176, 190 (3d Cir.1993) (citing *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). *See also King v. One Unknown Fed. Correctional Officer,* 201 F.3d 910, 913 (7th Cir.2000) (noting that same state statute of limitations applies to all *Bivens* and § 1983 claims). These conclusions hold true despite Mishra's contentions that Appellee Fox's fabricated trial testimony was based on various "investigative periods," and regardless of Mishra's assertion that he has recently suffered immigration-related consequences from his 2000 conviction. *See Hughes v. Long,* 242 F.3d 121, 125 (3d Cir.2001), *citing Briscoe,* 460 U.S. at 341, 345–46, 103 S.Ct. 1108 (noting that witnesses, including public officials and private citizens, are protected by immunity from civil actions based upon their testimony); *Sameric Corp. of Del. v. City of Phila.,* 142 F.3d 582, 599 (3d Cir. 1998) (claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action).

Accordingly, because the District Court properly dismissed Mishra's complaint and no substantial question is presented by this appeal, we will grant appellee's motion and summarily affirm the order of dismissal. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.